*247 OPINION.
Love:
The first question presented for consideration is whether in computing the profit derived from the sale of the depreciable properties 'in question, there may be taken into consideration an amount of depreciation in excess of the amount previously claimed by or allowed to the petitioner.
In Even Realty Co., 1 B. T. A. 355, we held that under section 202(a) of the Revenue Act of 1918, due allowance must be made, in ascertaining gain or loss upon the sale of capital assets, for exhaustion, wear and tear and obsolescence occurring during the period of ownership, whether or not deductions have been taken therefor in prior tax returns. The decision of the Board in this respect applies with equal force to the Revenue Act of 1921 in determining gain or loss resulting from the sale of capital assets.
However, the petitioner takes the position that under no circumstances, in determining the profit from the sale of the properties in 1920 and 1921, can any adjustment on account of depreciation *248 exceed in the aggregate $585.85, which, it is urged, must be deemed to be the true depreciation sustained between March 1, 1913, and the dates of the sales of the properties.
In support of this position, our attention is called to article 1561 of Regulations 45 and of Regulations 62, which it is argued have the force of law and bind the Commissioner, in determining the profit from the sales herein, to consider only the depreciation claimed by and allowed to the petitioner.
Without discussing the regulations cited or passing upon their, validity as interpretative of the pertinent sections of the Revenue Acts to which they are applicable, it will be sufficient to point out that the Commissioner by his regulations can neither add to nor detract from the provisions of the taxing statutes. See William Reibert, 7 B. T. A. 1198. As above stated, the Revenue Acts of 1918 and 1921, require that in determining gain or loss from the sale of property due allowance must be made for depreciation sustained, whether or not deductions therefor have been previously taken. Consequently, a regulation contrary thereto would be of no force or effect. The action taken in regard thereto, is, therefore, sustained.
The Commissioner having determined the amount of depreciation sustained on the property in question, and his determination not having been challenged, it must also be approved.
With respect to the petitioner’s third assignment of error, the Commissioner concedes that he erred in that respect. The deduction for depreciation allowed for 1920 was $11.85. It should have been $168.75. Proper adjustment should be made in respect of this amount.
Judgment will be entered on 15 days’ notice, under Rule 50.
Considered by Trussell, Smith, and Littleton.